CABRANES, DEMANDANTE Y APELANTE, *v.* CENTRAL VANNINA, DEMANDADA, Y GUAL ET AL., CITADOS DE EVICCIÓN Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre inexistencia de contrato y otros extremos.

No. 2328.—Resuelto en julio 29, 1921.

EXCEPCIÓN PREVIA—MOCIÓN DE ELIMINACIÓN.—Una resolución declarando con lugar una excepción previa no es errónea por el hecho de haber sido dictada estando pendiente de resolución una moción del demandante solicitando la eliminación de la excepción previa.

VENTA DE BIENES DE MENORES, EN 1896—SUBASTA DE BIENES DE MENORES—PATRIA POTESTAD.—Autorizado en 1890 un apoderado por una madre con *patria potestad* sobre su hijo menor de edad para vender bienes inmuebles de éste, podía el apoderado solicitar autorización judicial para la venta, la cual, de acuerdo con el artículo 2015 del Código de Enjuiciamiento Civil Español, párrafo segundo, no era necesario que se hiciera en pública subasta.

ID.—FACULTADES DEL APODERADO—EXTINCIÓN DEL MANDATO—CAUSA DE ACCIÓN.—No aduce hechos suficientes una demanda para anular lo hecho por el mandatario cuando ya se había extinguido el mandato, cuando no se alega en ella que el mandatario tenía conocimiento de la extinción del mandato.

Id.—Costas—Discreción Judicial.—La condena de costas es discrecional en el tribunal (*Zorrilla* v. *Orestes,* 28 D. P. R. 746), y examinados los autos no vemos que la corte inferior abusara de tal discreción al imponerlas al demandante.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Guerra Mondragón & Soldevila.*

Abogado de la parte demandada: *Sr. D. Monserrat, Jr.*

Abogado de los apelados: *Sr. J. Texidor.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La Central Vannina es la demandada en este pleito pero habiendo comparecido y solicitado que fueran citados de evicción los anteriores dueños comparecieron entonces José Gual y Tomás Gual y alegaron contra la demanda la excepción previa de que no aduce hechos determinantes de causa de acción, que fué resuelta a su favor, y recayó sentencia declarando sin lugar la demanda.

En el recurso de apelación que interpuso el demandante alega como primer motivo de error el de haber procedido la corte a la vista de la excepción previa, base de la sentencia, sin que antes se hubiera notificado de ello al demandante en forma legal.

Según el alegato del apelante ese primer motivo de error se funda en que si bien fué notificado de la petición de los apelados de que la excepción fuese incluída en el calendario especial para ser vista el 31 de mayo de 1920, el secretario no le notificó que había hecho la inclusión solicitada. No hay constancia alguna en los autos de que.el secretario no le hiciera esa notificación y por eso huelga considerar esta cuestión. Además la vista no tuvo lugar ese día sino el 7 de junio.

El segundo motivo de error es porque la corte no debió considerar la excepción cuando el demandante había solicitado su eliminación mediante moción que fué discutida mu-

cho antes de haberse resuelto la excepción previa de los apelados.

Después de presentada por los apelados su excepción y antes de ser vista el demandante solicitó que fuera eliminada aquélla, pero la vista de la excepción tuvo lugar a los dos días y fué resuelta antes de que se resolviera la moción de eliminación, siendo la queja ahora del apelante que fué resuelta la excepción sin haber sido resuelta la moción de eliminación.

No encontramos que en esto exista perjuicio para el demandante porque a pesar de haber sido resuelta la excepción la corte podía dejar sin efecto su resolución si resolvía después que la excepción debía ser eliminada.

Resueltas estas cuestiones consideraremos el tercer motivo de error fundado en haber sido declarada sin lugar la demanda por estimarla insuficiente para constituir causa de acción.

El hecho fundamental de la demanda es que estando el demandante bajo la *patria potestad* de su madre y residiendo ambos en España la madre, en 11 de abril de 1890, por sí y como legítima representante del demandante confirió poder a Ramón Valdés Cobián, entre otras cosas, para vender bienes; que el apoderado fué autorizado por el Juzgado de Primera Instancia de Vega Baja el 21 de noviembre de 1890 para vender la finca del demandante que es objeto de este pleito y que el apoderado verificó la venta el 3 de diciembre de 1890 sin mediar subasta pública y cuando ya la madre había perdido la *patria potestad* sobre el demandante por haber contraído segundas nupcias en España el 26 de septiembre del mismo año.

Según hemos resuelto en el caso de *Benítez* contra *El Registrador,* 17 D. P. R. 234 una madre con *patria potestad* sobre su hijo puede en el uso y ejercicio de los derechos

anejos a la *patria potestad* conferir facultades a un tercero para que obrando en representación de ella ejecute actos como el de cancelar un gravamen hipotecario constituído a favor del menor, acto que entraña una verdadera enajenación.

En este caso podía el apoderado solicitar la autorización judicial para la venta porque autorizado por la madre para vender los bienes de su hijo menor podía ejecutar los actos necesarios para poder verificar la venta; y no era necesario que la venta se hiciera en pública subasta porque tal requisito no era necesario cuando el padre o la madre tenía la *patria potestad,* según el artículo 2015, párrafo segundo, de la Ley de Enjuiciamiento Civil.

Es cierto que según el artículo 168 del Código Civil Español la madre del demandante perdió la *patria potestad* sobre él desde el momento qué contrajo segundas nupcias y que por esto acabó el poder que como madre del demandante otorgó a favor de Ramón Valdés, pero a pesar de haberse extinguido tal mandato, lo hecho por el mandatario, ignorando la causa que hizo cesar el mandato es válido y surtirá todos sus efectos respecto a los terceros que hayan contratados con él de buena fe, según el artículo 1738 de dicho Código Civil, y como la buena fe se presume siempre, para que la venta que hizo el apoderado de bienes del demandante pueda considerarse nula es necesario que en la demanda se alegue que la hizo sabiendo que la madre del demandante había contraído segundas nupcias ya que sin la alegación de este conocimiento la venta aparece haber sido hecha válidamente. Y como tal alegación afirmativa no se hace en la demanda carece de hechos terminantes de causa de acción y la corte no cometió el error que se le atribuye.

El último motivo del recurso se refiere a la imposición de costas al demandante.

La condena de costas es discrecional en el tribunal *Zorrilla* v. *Orestes,* 28 D. P. R. 746, y examinados los autos

no vemos que la corte inferior abusara de tal discreción al imponerlas al demandante.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf disintió.